IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00401-REB-PAC

STEVE MCINTYRE and
KIMBERLY MCINTYRE,

    Plaintiff(s),

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO,

    Defendant(s).

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Stipulated Motion for Protective Order dated August 24, 2006 (doc. 15) is granted. The attached Stipulation and Protective Order shall be filed with the court this date.

Dated: September 1, 2006

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00401-REB-PAC

STEVE MCINTYRE and KIMBERLY MCINTYRE,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO,

    Defendant.

---

**STIPULATION AND PROTECTIVE ORDER**

---

Each party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the disclosure, discovery and dissemination of Confidential Information (as hereinafter defined) or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

1.    In this action, at least one of the Parties has disclosed, sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy

1

interests. The Parties have entered into this Stipulation and request the Court enter the Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.  "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom and designated by one of the Parties in the manner provided in paragraph 5 below as containing Confidential Information, including, but not limited to, the personal, financial or business records of any of the parties.

3.  As used in this Protective Order, "document" is defined as provided in Fed.R. Civ.P. 34(a).

4.  All Confidential Information disclosed or provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed.

5.  Where Confidential Information is produced, provided or otherwise disclosed by a Party, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

2

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony: by stating on the record during the deposition that testimony is "Confidential"; or, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

6. All Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed or communicated except that such information may be disclosed for purposes of the preparation and trial of this case to:

    a. Undersigned counsel;

    b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or at other proceedings in this case;

    d. The Court and its employees ("Court Personnel");

    e. Other persons by written agreement of the parties.

7. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall obtain from such person a signed affidavit in the form of

3

**Exhibit A** acknowledging this Protective Order and agreeing to be bound by its provisions.

8.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

9.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons that are required to complete an affidavit as set forth in paragraph 7.

10. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 9 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel who maintains the list disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

11. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

12.   During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 11 above.

13.   A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

14.   In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

15.   The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain

continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

17. Upon termination of this litigation, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

19. Regardless of the designation of certain information as CONFIDENTIAL, certain information may nonetheless be public information pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201. Despite being subject to disclosure under the Colorado Open Records Act, the parties agree to not actively participate in disclosure of CONFIDENTIAL documents to any individual or entities, unless required by law.

////

////

6

DATED this ___1st___ day of ___September___, 2006.

**BY THE COURT:**

S/ Patricia A Coan
Patricia A. Coan
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| s/ Kimberly A. McIntyre | s/ Eric M. Ziporin |
| Kimberly A. McIntyre, Esq. | Eric Ziporin, Esq. |
| The McIntyre Law Office | |
| 1220 East Divot Drive | s/Elliot J. Scott |
| Tempe, Arizona 85283 | Elliot Scott, Esq. |
| Telephone: (480) 226-6729 | Senter Goldfarb & Rice, L.L.C. |
| E-mail: kim@mcintyrelaw.net | 1700 Broadway, Suite 1700 |
| Attorney for Plaintiffs | Denver, CO 80290 |
| | (303) 320-0509. |
| | Attorneys for Defendants |

7

## EXHIBIT A
## AFFIDAVIT

STATE OF COLORADO   )
                    )ss
COUNTY OF           )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

_____

Telephone: (\_\_\_\_) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2006, by _____.

WITNESS my hand and official seal.

_____
Notary Public
My commission expires:_____

[SEAL]

8