IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00401-REB-PAC

STEVE MCINTYRE and
KIMBERLY MCINTYRE,

    Plaintiff(s),

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO,

    Defendant(s).

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Amended Stipulated Motion for Amended Scheduling Order [filed October 3, 2006; Doc. No. 24] is **GRANTED.** The attached Amended Scheduling Order is made an Order of the Court this date.

Dated: October 4, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   06-cv-00401-REB-PAC

STEVE MCINTYRE and KIMBERLY MCINTYRE,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON,

COLORADO,

    Defendant.

---

**AMENDED SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference in this matter was held before United States

Magistrate Judge Patricia A. Coan on August 10, 2006 at 10:00 a.m., in Courtroom A501,

5th Floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver,

Colorado.

The following appeared as counsel on behalf of the parties:

| | |
|---|---|
| Kimberly A. McIntyre, Esq. | Eric M. Ziporin, Esq. |
| The McIntyre Law Office | Elliot J. Scott, Esq. |
| 1220 East Divot Drive | Senter, Goldfarb, & Rice, LLC |
| Tempe, Arizona  85283 | 1700 Broadway, Suite 1700 |
| Telephone:  (480) 226-6729 | Denver, Colorado  80290 |
| E-mail:  kim@mcintyrelaw.net | Telephone: (303) 320-0509 |
| Pro Se Plaintiff and | *Counsel for Defendant* |
| *Counsel for Plaintiffs* | |

## 2. STATEMENT OF JURISDICTION

Plaintiffs invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. In addition, because this action arises under the Fifth and Fourteenth Amendments to the Constitution of the United States, Plaintiffs also invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331, federal question, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiffs, Steve and Kimberly McIntyre advance three claims in addition to their claims for expert and attorneys' fees under § 1988:

1.     Inverse Condemnation under Colorado Law:  Steve and Kimberly McIntyre own 62 acres of mountainous land in Gunnison County. A popular private trail crosses their land. To open the trail for public use in 1998, Gunnison County filed a quiet title action against the McIntyres and obtained court orders and quiet title decree declaring the trail a public prescriptive road. During that action, the County restrained the McIntyres by prohibiting them from excluding the public from their land. In 2004 however, the Colorado Supreme Court reversed. It held the public never acquired any right to use the trail and restored title to the trail in the McIntyres. This claim asks whether Gunnison County took the McIntyres' private trail for public use by restraining them from excluding the public for over six years. If so, the Constitutions of Colorado and the United States require just compensation.

2.     Procedural Due Process under § 1983:  When the quiet title action came back from the Colorado Supreme Court, the court dissolved the restraints. The next day

however, the County filed for an ex parte injunction against the McIntyres on an emergency basis. The County did so without notifying the McIntyres or trying to arrange for an emergency hearing. No hearing was held on the record concerning the request. The McIntyres could only respond after the emergency restraint was granted the next business day. This ex parte injunction, which lasted 28 days, again deprived the McIntyres of their rights to exclude the public from the trail. And therefore, this claim asks whether Gunnison County violated the McIntyres' constitutional rights to procedural due process protection.

3.   <u>Substantive Due Process under § 1983:</u>  When the County sought its emergency injunction, it did so knowing that no emergency existed. It claimed only that "the emergency is the potential of closing to the public a road ... which has had the protection of the injunction... ." While it may have deemed the Supreme Court's reversal a tragedy, the County could not in good faith characterize the mandate as an emergency. Therefore, this claim asks whether Gunnison County violated the McIntyres' constitutional rights to substantive due process protection from arbitrary state action that deprives individuals of life, liberty, or property.

   b.   Defendant Gunnison County, Colorado denies the substantive allegations within Plaintiffs' Complaint. Specifically, the County denies that it violated any of Plaintiffs' rights to procedural or substantive due process under the Fourteenth Amendment. The County further denies that it took Plaintiffs' property for public use without just compensation and denies that its actions constituted a taking under the United States or Colorado constitutions. Finally, 42 U.S.C. § 1988 does not provide a separate cause of action for attorneys fees and costs and cannot be the basis for a claim for relief. As for

affirmative defenses, the County claims:

- Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendant.

- Plaintiffs have failed to reasonably mitigate their alleged damages, if any.

- Plaintiffs' damages, if any, are not to the extent and nature as alleged by Plaintiffs.

- Plaintiffs' claims may be barred the applicable statutes of limitation.

- Plaintiffs lack standing and/or there is no justicable controversy between these parties.

- Defendant was, at all times, exercising its legal rights in a permissible manner.

- Defendant was, at all times, acting in good faith and in the public interest.

- Defendant's conduct was based upon its reliance on lawful court orders.

Defendant reserves the right to add additional defenses as become apparent upon disclosure and discovery.

## 4. UNDISPUTED FACT

1)   Defendant Board of County Commissioners of the County of Gunnison, Colorado ("County"), is a county, organized and existing under the laws of Colorado.

## 5. COMPUTATION OF DAMAGES

The McIntyres seek just compensation for Gunnison County's taking of the McIntyre property for public use from June 26, 1998 through July 19, 2004. They also seek interest on the just compensation amount from June 26, 1998. The McIntyres currently estimate the County owes them $650,000.00 in just compensation, but reserve their right to prove a greater amount at trial.

Defendant does not seek damages but reserves its right to recover the attorney fees and costs to which it may be entitled.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. On July 19, 2006, the parties conducted a meeting under Fed.R.Civ.P. 26(f).

b. The following participated in the meeting under Fed.R.Civ.P. 26(f):

Kimberly A. McIntyre, Esq., *Counsel for Plaintiffs*

Elliot J. Scott, Esq. and Eric M. Ziporin, Esq., *Counsel for Defendant*

c. The parties propose changes in the timing of disclosures under Fed.R.Civ.P. 26(a)(1).

d. The parties made their initial disclosures under Fed.R.Civ.P. 26(a)(1) on August 21, 2006.

e. The parties do not agree to conduct any informal discovery.

f. Plaintiffs anticipate that their claims will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Defendant does not anticipate that discovery will involve extensive electronically-stored information.

The parties will preserve any electronically stored information that may be relevant to the claims or defenses in this case.

Plaintiffs have taken and will continue to take the following steps to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery

5

disputes relating to electronic discovery:

> i.) Preservation: Nightly backups of all electronically stored documents; and full image copy backups of source hard drives every Monday, Wednesday and Friday;
>
> ii. and iii.) Limit discovery costs: Production of electronically stored information will be via CD-ROM in source file formats instead of printed copies.
>
> iv.) The parties agree to file a joint stipulated motion for a protective order to protect confidential information produced in this case anticipating that electronically stored financial, business or personal information of the parties will be designated confidential.

## 7. CONSENT

The parties do not consent to the jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

a.  The deadline for joining parties and amending pleadings is September 25, 2006.

b.  The discovery cut-off is February 15, 2007. The 28 U.S.C. § 636(c) consent deadline is February 25, 2007

c.  The dispositive motion deadline is March 15, 2007.

d.  Expert Witness Disclosure

> (1)  State anticipated fields of expert testimony, if any.
>
> > *i.   Plaintiffs:*   Plaintiffs intend to designate experts in the fields of real estate appraisal and economics.

6

> ii.  *Defendant:*  Defendant intends to designate rebuttal experts in the fields designated by Plaintiffs.

(2)  The parties agree each side may retain no more than 2 expert witnesses.

(3)  The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) as follows:

> a. Plaintiffs' expert designations and disclosures are due on or before December 15, 2006;
>
> b. Defendant's expert designations and disclosures are due on or before January 15, 2007.

(4)  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before February 1, 2007.

(5)  Notwithstanding the provisions of Fed.R.Civ.P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.  Deposition Schedule:

The parties agreed that in lieu of the anticipated depositions of three specifically named Defendant representatives, Plaintiffs may serve up to 75 written interrogatories, and at least 75 requests for documents and 100 requests for admission on Defendant. The parties reserve their rights to conduct additional depositions of individuals learned

7

by way of discovery should that need arise and to file motions under Fed. R. Civ. P. 26(c) and 30(d) as needed in response to such additional deposition notices.

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiffs | October 10, 2006 | 10:30am | Up to 7 hours per Plaintiff |
| Plaintiffs' experts | | | 7 hours |
| Defendant's expert | | | 7 hours |

f.     Interrogatory Schedule

All interrogatories must be mailed no later than January 12, 2007 to allow timely responses by the February 15, 2007 discovery deadline.

g.     Schedule for Request for Production of Documents

All requests for production of documents and admission must be mailed no later than January 12, 2007 to allow timely responses by the February 15, 2007 discovery deadline.

h.     Discovery Limitations:

(1)     The parties agree to the 10 deposition limit under Fed.R.Civ.P. 30(a)(2)(A).

(2)     The parties do not anticipate a need to limit the length of depositions.

(3)     The parties propose to modify the presumptive number of interrogatories contained in the federal rules. Plaintiffs may serve 75 written interrogatories on Defendant including all discrete subparts. Defendant may serve 25 interrogatories on Plaintiffs, including all discrete subparts, in accordance with Fed.R.Civ.P. 33(a).

8

    (4)    Plaintiffs may serve at least 75 requests for documents and 100 requests for admission on Defendant. Defendant may serve no more than 25 requests for production of documents and 35 requests for admission on Plaintiffs.

    (5)    Other Planning or Discovery Orders

        i. The parties agree that for purposes of discovery limitations, both Steve and Kimberly McIntyre are considered as only one opposing party.

        ii. The parties agreed that any in person deposition of Steve or Kim McIntyre will take place in Arizona or Defendant may elect to depose them by telephone or in person on October 10, 2006 in Denver.

        iii. The parties agreed that in lieu of the anticipated depositions of Defendant representatives, Plaintiffs may serve up to 75 written interrogatories, and at least 75 requests for documents and 100 requests for admission on Defendant.

        iv. The parties are ordered to preserve any electronically stored information that may be relevant to any claim or defense in this action.

## 9. SETTLEMENT

As required under Fed.R.Civ.P. 26(f), the parties discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. After the court decides the initial dispositive motions, the parties will again discuss the possibility

for settlement and will promptly notify the court if the need for a formal settlement conference should arise.

## 10. OTHER SCHEDULING ISSUES

a.  After a good-faith effort, counsel could not reach agreement on undisputed facts. Plaintiffs made formal requests for admission concerning the other proposals on July 25, 2006.

b.  Plaintiffs request a bifurcated 3 day trial solely on the issue of compensation to a jury of six freeholders pursuant to Fed.R.Civ.P. 71A(k), C.R.S. § 38-1-101 and 106 *et seq.* Should other issues remain for trial; Plaintiffs request a separate 3 day trial to the court.

Defendant requests a 5 day jury trial on all issues.

## 11. DATES FOR FURTHER CONFERENCES

a.  A settlement conference will be held at request of Plaintiffs and defense counsel.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

- ( )   *Pro se* parties and attorneys only need be present.
- ( )   *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.   Status conferences will be held in this case at the following dates and times:

_____

_____

_____

c.   A final pretrial conference will be held in this case on <u>July 12, 2007</u> at 9:30 o'clock a.m. in Courtroom A501. A Final Pretrial Order in Judge Blackburn's format shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

11

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR. 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR. 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 3 day of October, 2006.

BY THE COURT:

_____
United States Magistrate Judge Patricia A. Coan

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**AMENDED SCHEDULING ORDER TENDERED FOR REVIEW:**

s/Kimberly A. McIntyre
Kimberly A. McIntyre, Esq.
The McIntyre Law Office
1220 East Divot Drive
Tempe, Arizona 85283
Telephone: (480) 226-6729
Email: kim@mcintyrelaw.net
Attorney for Plaintiffs

s/Eric M. Ziporin
Eric M. Ziporin, Esq.

s/Elliot J. Scott
Elliot J. Scott, Esq.

Senter, Goldfarb, & Rice, LLC
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone: (303) 320-0509
Email: eziporin@sgrllc.com;
escott@sgrllc.com
Attorneys for Defendant