IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00401-REB

STEVE MCINTYRE and
KIMBERLY MCINTYRE,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO,

    Defendant.

---

**ORDERS DENYING DEFENDANT'S MOTION TO REVIEW
TAXATION OF COSTS AND MOTION FOR ATTORNEYS' FEES**

---

**Blackburn, J.**

The matters before me are (1) defendant's **Motion for Attorneys' Fees** [#101], filed April 16, 2007; and (2) defendant's **Motion To Review Taxation of Costs** [#106], filed April 24, 2007. I deny the motions.

## I. MOTION TO REVIEW TAXATION OF COSTS

Allowable costs are delineated under 28 U.S.C. § 1920. It is defendant's burden, as the prevailing party, to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. *English v. Colorado Department of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001); *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses that are not specifically authorized by the statute are not recoverable as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987);

***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).

Section 1920 does provide for the recovery of costs associated with photocopying documents and for stenographic transcripts unless they were "necessarily obtained for use in the case." However, defendant has made no effort to show that this standard is met with respect to any of the photocopying or transcription costs it seeks to recover. Although it has produced documentation that such costs were, in fact, incurred, it has proffered no affidavit, declaration, or other evidence to substantiate its bare *ipse dixit* that the costs denied were *necessarily* incurred.[1] In the absence of actual evidence to support that fundamental conclusion, I cannot find that the clerk erred in denying these costs. **See *Wilmshurst v. Carriage Cove Ltd.,*** 2000 WL 33710894 at *4 (D. Utah Apr. 24, 2000); ***Green Construction Co. v. Kansas Power & Light Co.***, 153 F.R.D. 670, 683 (D. Kan. 1994).

## II. MOTION FOR ATTORNEYS' FEES

Defendant claims further that it is entitled to recoup its attorney fees pursuant to §13-17-201, C.R.S. and/or 42 U.S.C. § 1988. Because the motion is both procedurally and substantively infirm, I disagree.

As an initial matter, I note that defendant filed its motion for attorney fees more than fourteen days after the entry of judgment. **See FED.R.CIV.P.** 54(d)(2)(B). Contrary to defendant's contention, it is not entitled to the three-day extension contemplated by

---

[1] Several of the deposition transcripts were used in briefing defendant's motion for summary judgment, which was mooted soon after it was filed by my ruling on the motion to dismiss. Defendant has proffered no evidence substantiating its arguments that the depositions appeared necessary at the time taken, and I will not simply assume necessity based on the status of the deponents.

2

Fed.R.Civ.P. 6(e). That rule applies only to deadlines that run from the date of service of a notice or paper, not to those that are triggered, as here, by filing or entry of an order. *See **In re Armstrong***, 99 Fed. Appx. 866, 868-69 (10th Cir. 2004) (citing ***Matter of Arbuckle***, 988 F.2d 29, 31-32 (5th Cir. 1993)). Thus, defendant's motion, filed five days after the filing deadline, was untimely.

Although defendant claims alternatively that its delay was due to excusable neglect, it offers no actual evidence in circumstantiation of that conclusory assertion. Moreover, even were I to accept defendant's bare arguments as evidence, they do not show excusable neglect. Ignorance of the law generally does not constitute excusable neglect under Fed.R.Civ.P. 6(b)(2). *See **Pioneer Investment Services, Inc. v. Brunswick Associates Ltd. Partnership***, 507 U.S. 380, 392, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993); ***Putnam v. Morris***, 833 F.2d 903, 905 (10th Cir. 1987); ***Reynolds v. Federal Crop Insurance Corp.***, 752 F.Supp. 986, 989 (D. Colo. 1990). Defendant's purported reliance on the Tenth Circuit's decision in ***Curran v. AMI Fireplace Co***, 2006 WL 137405 at *4 (10th Cir. Jan. 19, 2006), in support of its belief that Rule 6(e) afforded it additional time in which to submit its motion for attorney fees is misplaced.[2]

---

[2] The court there did not address in any way, either expressly or implicitly, the issue presented here. Instead, the issue in ***Curran*** was whether a party was entitled to benefit of the mailbox rule, as codified by Fed.R.Civ.P. 6(e), when the court had expressly ordered her to file a document by a date certain.

Yet even if I were to consider defendant's motion on the merits, it is not entitled to attorney fees in this case. Defendant's claim that §13-17-201, C.R.S.,[3] supports its right to attorney fees on the inverse condemnation claim does not withstand scrutiny. Because Colorado generally follows the American Rule with respect to attorneys' fees, *see In re Estate of Klarner*, 113 P.3d 150, 157 (Colo. 2005), a party that seeks to recover its attorneys fees from its opponent must ground its request in specific legislative authority, *see Kuhn v. State*, 924 P.2d 1053, 1057 (Colo. 1996).[4] Assuming *arguendo* that inverse condemnation is a tort, a basic prerequisite under §13-17-201, it nevertheless is one that under Colorado law must be "conducted strictly according to the procedures prescribed by the eminent domain statute" *Hayden v. Board of County Commissioners of Jefferson County*, 580 P.2d 830, 833 (Colo. App. 1978); *see also Potashnik v. Public Service Co. of Colorado*, 247 P.2d 137, 138 (Colo. 1952) ("The power [of condemnation] lies dormant in the state until the legislature speaks. The right to condemn private property is therefore a creature of statute . . .") (internal citation omitted). Closer review of that statute convinces me that the Colorado legislature did not intend to allow attorney fees in circumstances such as those presented here.

---

[3] That section provides, in relevant part, that "[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." §13-17-201, C.R.S.

[4] Although there are limited common law exceptions to this rule (e.g., the common fund doctrine), they are inapplicable here. *See Kuhn*, 924 P.2d at 1057-58.

Although Title 38, C.R.S., includes a provision specifically allowing prevailing property owners to recover their attorneys' fees, *see* §38-1-122, C.R.S., notably absent is any provision allowing the government a similar right to recoup attorney fees if the property owner is unsuccessful. Under the principle of *inclusio unius est exclusio alterius*, "[w]here the law expressly describes a particular situation to which it shall apply, an irrefutable inference must be drawn that what is excluded was intended to be excluded." **See American Wildlands v. Browner**, 94 F.Supp.2d 1150, 1160 (D. Colo. 2000), **aff'd**, 260 F.3d 1192 (10th Cir. 2001).[5] Thus, I believe it is no accident that no Colorado court has ever applied §13-17-201, C.R.S., in the context of inverse condemnation proceedings.

Defendant's claim to attorney fees under 42 U.S.C. § 1988 fares no better.[6] A defendant may recover attorneys' fees under this provision only if the plaintiff's claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." **Christiansburg Garment Co. v. EEOC**, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." **Mitchell v. City of Moore, Oklahoma**, 218 F.3d 1190, 1203 (10th Cir. 2000).

---

[5] Moreover, it is a well-recognized principle of statutory construction that, "[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." **Radzanower v. Touche Ross & Co.**, 426 U.S. 148, 153, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976) (quoting **Morton v. Mancari**, 417 U.S. 535, 550-551, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290, 301 (1974)) (internal quotation marks and footnote omitted).

[6] Nor can defendant rely on §13-17-201, C.R.S., to support an award on the basis of the due process claims, again because there is a specific statute that addresses the precise issue in question. (**See supra** n.5.)

The mere fact that defendant's motion to dismiss was successful does not *ipso facto* direct a finding of frivolousness. **See Neitzke v. Williams**, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) ("Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable."). Rather, an action is frivolous only if the claims are "obviously insupportable" or "based on an outlandish legal theory." **Id.** Plaintiffs' claims, while ultimately insupportable, were not frivolous in this more particularized sense.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion for Attorneys' Fees** [#101], filed April 16, 2007, is **DENIED**; and

2. That defendant's **Motion To Review Taxation of Costs** [#106], filed April 24, 2007, is **DENIED**.

Dated January 29, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E Blackburn**
**United States District Judge**